James L. BAXTER, Guardian of William C. Pryor, Jr., a Minor; and James L. Baxter, in His Own Right as Guardian of the Estate of William C. Pryor, Jr., a Minor, Appellant,

Benjamin COOPER.

v.

No. 12858.

United States Court of Appeals Third Circuit.

Argued Sept. 22, 1959.

Decided Sept. 28, 1959.

Joseph D. Shein, Philadelphia, Pa., for appellant.

Joseph Head, Jr., Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is a case in which recovery for personal injuries is being sought by a guardian of a minor child. Jurisdiction is based on diversity. The injury was sustained in an automobile accident in which the plaintiff claims that the defendant was at fault. The case was tried to a jury which returned a verdict for the defendant. The trial judge refused a motion for a new trial. Keeping in mind our limited function in such a case, it is clear to us that the jury's finding was based on testimony which, if accepted, would sustain the verdict. The jury did accept the testimony and we cannot say that it was unreasonable in doing so.

The judgment of the district court will be affirmed.

Ruth E. FULTON, Appellant,

v.

AMERICAN SUGAR REFINING COMPANY.

No. 12862.

United States Court of Appeals Third Circuit.

Argued Sept. 24, 1959.

Decided Sept. 29, 1959.

Andrew J. Transue, Flint, Mich. (Frank J. Eustace, Jr., Philadelphia, Pa., Rene J. Ortlieb, Flint, Mich., on the brief), for appellant.

Samuel B. Fortenbaugh, Jr., Philadelphia, Pa. (Herbert G. Schick, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing the plaintiff's motion to set aside a default judgment and reinstate the case for trial. The only ground which the plaintiff can rely on is Rule 60(b) (6), 28 U.S.C.A.

We have examined and considered the facts of the case. We do not find any basis on which we can say that the discretion of the trial court was improperly exercised.

The judgment of the district court will be affirmed.